UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ) <br> ENVIRONMENTAL RESPONSIBILITY, ) <br> 2000 P Street NW, Suite 240 ) <br> Washington, D.C. 20036 ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> UNITED STATES CONSUMER PRODUCT ) <br> SAFETY COMMISSION, ) <br> 4330 East West Highway ) <br> Bethesda, MD 20814 ) <br> ) <br>     Defendant. ) <br> ) | Civil Action # 1:15-cv-00250 <br><br> **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, in order to compel the United States Consumer Product Safety Commission ("CPSC" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff sent its FOIA request via fax and email on December 10, 2014. Defendant's statutory production period expired on January 22, 2015, twenty business days after receiving the request. 5 U.S.C §552(a)(6)(A). Defendant has failed to produce any records or even acknowledge the FOIA request.

3. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government

and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

4. PEER is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

5. On December 10, 2014 PEER filed a FOIA request seeking records pertaining to what, if anything, the Office of Compliance and Field Operations ("OCFO") or any other arm of CPSC has done related to the issue of crumb rubber playgrounds, playmats, or sports fields.

6. CPSC's failure to provide even a single responsive document within the statutory time period coupled by its failure to indicate whether or when such documents would be forthcoming is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  This conduct frustrates the public's right to know whether the CPSC is enforcing federal safeguards regarding a high-profile consumer safety and environmental issue.

7. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 52(a)(6)(C)(i), and now seeks an order from this Court requiring CPSC to immediately produce the records sought in its FOIA request as well as other appropriate relief.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

10. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

11. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

12. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, and Tennessee. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. Informing the public about these important public policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media on its website, www.peer.org.

13. Defendant, CPSC, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

14. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

**FACTS**

15. On July 12, 2012 PEER requested an advisory opinion from CPSC's Office of General Counsel on whether certain products manufactured from recycled tires, such as "Play Tuff Tiles," "Playground Rubber Mulch," and "PlayBound TurfTop" should be classified as "children's products" under Section 3(a)(2) of the Consumer Product Safety Act.

16. On September 5, 2012 the CPSC's Office of General Counsel responded with an advisory opinion stating the CPSC would decline to classify the products as "children's products" because there must be evidence showing the product was marketed specifically for use by children, and citing a lack of such evidence, the CPSC would classify the products as "general use products."

17. On August 1, 2013 PEER filed a petition for rulemaking requesting that CPSC regulate the synthetic turf products as "children's products," which would require the products to comply with stricter toxin exposure limits. PEER submitted numerous examples of tire turf playgrounds being marketed specifically to children under names such as "Tot-Turf" and "Kid-Wise" with advertising pitches such as "softer on little knees," and "keep kids safe."

18. On September 27, 2013 the CPSC's Office of General Counsel responded to this request by stating such a regulation would be unnecessary if these products are in fact "children's products," and also forwarded the petition to the CSPC's OCFO for review and determination of whether any enforcement action is appropriate.

19. On December 10, 2014 PEER filed a FOIA request seeking records pertaining to what, if anything, the OCFO or any other arm of CPSC has done on the issue of crumb rubber playgrounds, playmats, or sports fields.

20. PEER specifically requested: 1) a copy of the communication referring the matter to the OCFO; 2) any documents reflecting OCFO activity pursuant to that referral or other complaints or requests about crumb rubber playgrounds, sports fields, or play surfaces; 3) any communications with CPSC from the industry making these products or their representatives on this subject from September 1, 2013 to present; 4) any "talking points" or communications strategy developed by CPSC in response to reports about the crumb rubber broadcast in 2014 on the NBC Nightly News with Brian Williams; and 5) any risk assessments or safety studies on scrap tires, crumb rubber, or shredded tires that CPSC has conducted, contemplated, or rejected further consideration of in the period from January 1, 2012 to present, together with the documents reflecting those decisions.

21. Defendant presumably received the FOIA request by email and fax on December 10, 2014 and had twenty working days after that to respond or to ask for a ten day extension. 5 U.S.C. § 552(a)(6)(B). To date, Plaintiff has not received any records responsive to its December 10, 2014 FOIA request. In fact Defendant has not even acknowledged receipt of Plaintiff's request, nor assigned a request tracking number.

22. Plaintiff has electronic record of the email, and fax confirmation showing the request was successfully transmitted on December 10, 2014 to the fax number and email listed on CPSC's FOIA information webpage. Additionally, Defendant has not responded to status request follow-up emails sent on February 11, 2015 to Deborah Acosta and Lynn Carter, both of the FOIA Public Liaisons listed on the CPSC website.

23. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

24. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendant's failure to disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552 *et seq.*, and the Agency's own regulations promulgated there under, 16 C.F.R. § 1015.5 *et seq.*

### Violation of the Administrative Procedure Act

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Defendant's failure to disclose the records requested within the time frames mandated by statute is an arbitrary and capricious action that violates the Administrative Procedure Act 5 U.S.C. § 500 *et seq.*

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

   ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant complies with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: February 19, 2015

Respectfully submitted,

　　/s/　　　　　　　　　
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility,
200 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Attorney for Plaintiff*